# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

Jaci L. Kitch

**Plaintiff**

CIVIL ACTION DOCKET NO. 13C1670

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[X] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

Vs.

U.S. Bankcorp Investments, Inc.

c/o CT Corporation System

800 S. Gay Street, Suite 2021

Knoxville, TN 37929-9710

**Defendant**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 4-19-2013

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | William T. Ramsey, BPR #009245, Neal & Harwell, PLC |
|---|---|
| | 150 Fourth Ave., North, Suite 2000 |
| | Address |
| | Nashville, TN 37219 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___

**Exhibit A**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification required)

RICHARD R. ROOKER, CLERK

By: _____ D.C.

| | |
|---|---|
| JACI L. KITCH, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 13C1478 |
| | ) JURY DEMAND |
| U.S. BANK NATIONAL ASSOCIATION | ) |
| and U.S. BANCORP INVESTMENTS, INC., | ) |
| | ) |
| Defendants. | ) |

*Filed 2013 APR 19 AM 11:23, RICHARD R. ROOKER, CLERK*

## COMPLAINT

Plaintiff Jaci L. Kitch, by and through counsel and for her cause of action against the Defendants U.S. Bank National Association and U.S. Bancorp Investments, Inc. states as follows:

### I. PARTIES

1. Plaintiff Jaci L. Kitch is a citizen and resident of Nashville, Davidson County, Tennessee.

2. U.S. Bank National Association is a national banking association with its principal place of business in Minnesota. At all times relevant to this Complaint this Defendant was Plaintiff's employer and was doing business in the State of Tennessee. At all times relevant to this Complaint, this Defendant employed eight or more persons in the State of Tennessee.

3. Defendant U.S. Bancorp Investments, Inc. is a Delaware corporation with its principal place of business in Minnesota. At all times relevant to this Complaint this Defendant was Plaintiff's employer and was doing business in the State of Tennessee. This Defendant may be served with process in this matter on its registered agent for service of process, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710. At all

times relevant to this Complaint, this Defendant employed eight or more persons in the State of Tennessee.

## II. JURISDICTION

4. The allegations of Paragraphs 1 through 3 of this Complaint are incorporated by reference as if fully set forth herein.

5. The Court has jurisdiction over this matter pursuant to T.C.A. § 20-2-201(a) because Defendants may be found doing business in the State of Tennessee.

## III. VENUE

6. The allegations of Paragraphs 1 through 5 of this Complaint are incorporated by reference as if fully set forth herein.

7. Venue is proper in this Court pursuant to T.C.A. § 20-4-104(1) because all or a substantial part of the events or omissions giving rise to the cause of action occurred in Davidson County, Tennessee.

## IV. FACTUAL ALLEGATIONS

8. The allegations of Paragraphs 1 through 7 of this Complaint are incorporated by reference as if fully set forth herein.

9. Plaintiff was employed by Defendants as Vice President and Corporate Trust Representative 4 beginning in 2006. Plaintiff's immediate supervisor throughout her employment was Donna Williams.

10. In April 2007, Plaintiff was diagnosed with breast cancer. She received treatment, including a double radical mastectomy, extensive chemotherapy and breast reconstruction surgery. After treatment, Plaintiff returned to work for Defendants.

2

11. Plaintiff's breast reconstruction surgery was unsuccessful and she was required to have a second breast reconstruction surgery, which occurred on April 4, 2012.

12. Plaintiff's doctors verbally cleared her to return to work on a modified schedule and she returned to work on April 16, 2012.

13. At all times relevant to her employment, Plaintiff suffered from a condition that constituted a physical or mental impairment which substantially limited one or more of her major life activities. Plaintiff also had a record of a disability. In the alternative, Plaintiff was regarded as having such an impairment.

14. On April 16, 2012, Ms. Williams instructed Plaintiff to leave work because Plaintiff had been on short term disability leave and did not have the appropriate paperwork to return to work. Ms. Williams instructed Plaintiff not to return to work until she had written clearance from her doctors to return to work.

15. Plaintiff did what Ms. Williams instructed her to do and was obtaining the appropriate paperwork from her doctors to return to work.

16. Only four days later, on April 20, 2012, Ms. Williams terminated Plaintiff's employment. Ms. Williams stated two reasons for terminating Plaintiff's employment, both of which were false and a pretext for discriminating against Plaintiff on the basis of her disability.

17. Ms. Williams stated in her letter terminating Plaintiff's employment that Plaintiff failed to report to work since April 16 without contacting Ms. Williams with the reason for the absence. That reason was false, as Ms. Williams was the one who instructed Plaintiff to leave work and not return until she had obtained written medical clearance to do so. Ms. Williams knew the reason for the absence and the absence was at her direct instruction.

3

18. Ms. Williams also accused Plaintiff of improperly using a corporate credit card for personal use and being delinquent in payment of those charges. That accusation was false, as Plaintiff did not use a corporate credit card for personal use.

## COUNT I:  TENNESSEE DISABILITY ACT

19. The allegations of Paragraphs 1 through 17 of this Complaint are incorporated by reference as if fully set forth herein.

20. Plaintiff suffered from a physical or mental impairment which substantially limited one or more of her major life activities and had a record of having such an impairment. In the alternative, Plaintiff was regarded as having such an impairment.

21. Plaintiff was qualified for the position of Vice President and Corporate Trust Representative 4 with Defendants despite her disability as evidenced by her continued employment from 2006.

22. Plaintiff suffered an adverse employment action because of her disability. Defendants knowingly discriminated against Plaintiff by terminating her because of her disability.

23. Defendants are liable for the conduct of Ms. Williams in terminating Plaintiff's employment because they provided Ms. Williams with the actual or apparent authority to terminate Plaintiff's employment.

24. Defendants' conduct violated the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103.

25. As a direct and proximate result of Defendants' violation of the Tennessee Disability Act, Plaintiff has suffered and continues to suffer damages including, but not limited

4

to, lost wages and benefits, including back pay and front pay, and damages for humiliation, embarrassment, emotional pain, mental anguish and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Plaintiff be awarded judgment on the Complaint.

2. That Plaintiff be awarded damages in an amount reasonable to compensate her for her injuries, including back pay, front pay, benefits, compensatory damages, damages for humiliation, embarrassment, emotional pain, mental anguish, and loss of enjoyment of life, and pre-judgment and post-judgment interest.

3. That the Court order Defendants to reinstate Plaintiff to her position, with all salary, benefits and seniority to which Plaintiff would be entitled if Defendants had not discharged her.

4. That Plaintiff recovers her costs and reasonable attorney's fees incurred in prosecuting her claim.

5. That Plaintiff be awarded such other relief as this Court may deem equitable and proper.

6. Plaintiff hereby requests that a jury be empanelled to try such issues so triable.

Respectfully submitted:

**NEAL & HARWELL, PLC**

By: *William T. Ramsey* (signature)
William T. Ramsey, BPR No. 009245
Kendra E. Samson, BPR No. 018976

150 Fourth Ave., North
Suite 2000
Nashville, TN 37219
(615) 244-1713 (telephone)
(615) 726-0573 (facsimile)

5

NEAL & HARWELL, PLC
LAW OFFICES
150 FOURTH AVENUE, NORTH
SUITE 2000
NASHVILLE, TENNESSEE 37219-2498

CERTIFIED MAIL

7007 2680 0001 5589 2679

$06.31⁰
04/19/2013
Mailed From 37219
US POSTAGE

Hasler

0121162107S1

VIA CERTIFIED MAIL
U.S. Bankcorp Investments, Inc.
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929-9710